# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

Cellular Telephone Assigned Call Number (323) 788-4275 IMSI 310260018138732 IMEI 990016791489980

Case No. 2:21-mj-731

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the ___Southern___ District of ___Ohio___, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 841 | Distribution of Narcotics |
| 21 U.S.C 843 (b) | Use of a telephone facility to facilitate the commission of a felony |
| 21 U.S.C. 846 | Conspricacy to distribute and possess with intent to distribute narcotics |

The application is based on these facts:

See attached Affidavit

☑ Continued on the attached sheet.

☑ Delayed notice of __30__ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Noah Bookman*
Applicant's signature

Noah Bookman, Special Agent, DEA
Printed name and title

Sworn to before me and signed in my presence.

Date: November 9, 2021

City and state: Columbus, Ohio

Kimberly A. Jolson
United States Magistrate Judge

# INTRODUCTION

I, Noah Bookman, (hereafter referred to as affiant) been duly sworn depose and state:

1.  I am a Special Agent of the Drug Enforcement Administration (DEA), assigned to the Detroit Field Division, Columbus District Office. As such, I am an "investigative or law enforcement officer" of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18 United States Code, Section 2516(1). During this time, your affiant has accumulated the following training and experience:

2.  I graduated from the DEA Academy located in Quantico, Virginia in 2015. I received approximately 22 weeks of specialized narcotics related training. The training included controlled substances identification, narcotics related investigative techniques, interview and interrogation training, preparation of search warrants, tactical application of narcotics enforcement, surveillance and electronic monitoring techniques, and money laundering investigations.

3.  As a DEA agent, I have participated in the execution of numerous search warrants at residences and businesses of narcotics traffickers, safe houses, crack houses, and have participated in numerous search warrants and investigations for drug related offenses.

4.  As a DEA agent, I have participated in investigations targeting individuals and organizations trafficking heroin, cocaine, cocaine base ("crack"), marijuana, fentanyl, and its analogues, methamphetamine and other controlled substances as defined in 21 U.S.C. § 801. I know that these are controlled substances under 21 U.S.C. § 801.

5.  During the course of my law enforcement career, I have had experience in debriefing defendants, interviewing participating witnesses, cooperating individuals, and other

persons who have personal knowledge and experience regarding the amassing, spending, conversion, transportation, distribution and concealment of records and proceeds of trafficking in controlled substances.

6. Before joining DEA, I was a police officer for approximately eight years, two of which as a narcotics officer primarily working narcotic cases. I have participated in numerous investigations involving narcotics trafficking.

7. The facts and information contained herein are based on my personal knowledge and experience, that of other law enforcement personnel, surveillance operations, and from persons with knowledge regarding relevant facts and witnesses. This affidavit is intended to show that there is sufficient probable cause for the requested warrants and does not set forth all of my knowledge about this investigation.

## PROBABLE CAUSE

1. I make this affidavit in support of an application for a search warrant under the Federal Rules of Criminal Procedure and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number **(323) 788-4275**, International Mobile Subscriber Identity (IMSI) 310260018138732, and International Mobile Equipment Identity (IMEI) 990016791489980, with an unknown subscriber (the "**Target Device**"), whose service provider is T-Mobile, in Bellevue, WA.  The **Target Device** is believed to be utilized by Isabel Odir CASTELLANOS. The **Target Device** is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2. Because this affidavit is being submitted for the limited purpose of seeking authorization for the execution of a search warrant**,** your Affiant has not set forth each and every fact learned during the course of this investigation.  Your Affiant has set forth only those facts that your Affiant believes are necessary to establish the foundation for an order authorizing the requested search warrants.

3. In May 2021, members of the DEA Columbus District Office and local law enforcement in Ohio began investigating into Isabel Odir CASTELLANOS (hereinafter, "CASTELLANOS") drug trafficking organization (hereinafter, "DTO") for distributing large quantities of cocaine and methamphetamine throughout the Southern District of Ohio.

4. Through the investigation, investigators identified Martel OWENS as a member of a cocaine and methamphetamine for the CASTELLANOS DTO. Investigators determined OWENS role in the DTO is a "middle level retail distributor". OWENS contacts CASTELLANOS (hereinafter, "CASTELLANOS") when his supply of cocaine and/or methamphetamine is low. CASTELLANOS' role is a regional cell leader, which is a source of supply and facilitator of the cocaine and methamphetamine. If CASTELLANOS is not available to deliver the narcotics to OWENS, CASTELLANOS contacts Susana ORELLANA (hereinafter, "ORELLANA") to transport the cocaine and/or methamphetamine to the middle level retail distributors. Subsequently, ORELLANA collects the drug proceeds after she delivers the narcotics from middle level retail distributor. ORELLANA's role is a cocaine and methamphetamine facilitator.

5. Investigators have identified CASTELLANOS' telephone as the **Target Device**. Investigators have identified ORELLANA's telephone number as (614) 614-285-1366. Investigators have identified OWENS' telephone number as (501) 297-0678.

6. On October 27, 2021, the Honorable Sarah D. Morrison, United States District Judge for the Southern District of Ohio, executed orders authorizing the interception of wire and electronic communications over telephone number (501) 297-0678, utilized by OWENS. Interceptions commenced on October 28, 2021.

7. On the same day, OWENS, using (501) 297-0678, contacted CASTELLANOS, utilizing the **Target Device**. This wire communication was verified using telephone toll analysis, and what follows is a transcription of a portion of the wire communication:

        OWENS:        I'm… I'm ready.
        CASTELLANOS:        You're ready? How Much you got?
        OWENS:        The one I told you I had.

| | |
|---|---|
| CASTELLANOS: | You told me… [Voices Overlap] |
| OWENS: | I'm in public. I'm in public, I'm in public. [Voices Overlap] |
| CASTELLANOS: | Oh. |
| OWENS: | I got… I got the eighteen… I got the eighteen thousand that I owe you for that. And I got two of the windows gone. Forty-eight hundred. [Voices Overlap] |
| CASTELLANOS: | Okay. |
| OWENS: | So, I need one whole one and two windows. |
| CASTELLANOS: | Okay. Let me talk to her and see if I can get it over right now. |

8. Based upon my training and experience, conversational context clues, and knowledge of the investigation, investigators believe OWENS contacted CASTELLANOS to order two pounds of methamphetamine from CASTELLANOS and to provide CASTELLANOS with $22,800 in U.S currency, drug proceeds, from a previously narcotic transaction.

9. On the same day, CASTELLANOS, utilizing the **Target Device**, contacted OWENS, utilizing (501) 297-0678. The following is not verbatim and is just a summary of their four-five-minute conversation. CASTELLANOS stated she is in Springfield at the Walmart waiting on him. CASTELLANOS stated he has four windows to give to OWENS.

10. Based upon my training and experience, conversational context clues, and knowledge of the investigation, investigators believe CASTELLANOS contacted OWENS to complete the transaction of the two pounds of methamphetamine that OWENS requested. Investigators know CASTELLANOS is referring to the Walmart located at 200 South Tuttle Road in Springfield, Ohio. Investigators know CASTELLANOS is referring to ORELLANA when he referenced she. During this telephone conversation, investigators were conducting surveillance on

ORELLANA. CASTELLANOS, utilizing telephone number (818) 795-3715, was also communicating with ORELLANA, utilizing (614) 285-1366, while still on the **Target Device** with OWENS, utilizing (501) 297-0678. Investigators observed ORELLANA waiting on OWENS at the above Walmart to complete the transaction. During this telephone conversation between OWENS and CASTELLANOS, investigators observed OWENS arrive and park beside ORELLANA at the above Walmart. Investigators observed ORELLANA exit her vehicle and place a bag into OWENS vehicle. Both parties departed the area.

11. During the investigation, investigators were granted multiple State of Ohio tracker search warrants for CASTELLANOS's and ORELLANA's vehicles. Investigators has placed multiple tracker units on CASTELLANOS' vehicles. However, after deploying these trackers multiple times they failed to respond a short time later.

## CONCLUSION

1. Investigators believe the **Target Device** will continue to be utilized by CASTELLANOS, who investigators believe is a source of supply and facilitator for his Drug Trafficking Organization operating in the Southern District of Ohio. Location data for the **Target Device** will assist investigators in identifying tracking the movement of CASTELLANOS and identify possible additional co-conspirators or stash locations of the DTO and thus provide evidence of the violations listed in Section II of Attachment B as investigators continue to investigate the conspiracy.

2. In my training and experience, I have learned that T-Mobile is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, also known as GPS data or latitude-longitude data**.** E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers.

3. Based on my training and experience, I know that T-Mobile can collect E-911

Phase II data about the location of the **Target Device**, including by initiating a signal to determine the location of the Target Cell Phone on T-Mobile' network or with such other reference points as may be reasonably available.

## AUTHORIZATION REQUEST

1.	Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to the Federal Rules of Criminal Procedure and 18 U.S.C. § 2703(c).

2.	I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice for 30 days. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the **Target Device** would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

3.	I further request that the Court direct T-Mobile to disclose to the government any information described in Attachment B that is within the possession, custody, or control of T-Mobile. I also request that the Court direct T-Mobile to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with T-Mobile' services, including by initiating a signal to determine the location of the **Target Device** on T-Mobile' network or with such other reference points as may be reasonably available, and at such

intervals and times directed by the government.  The government shall reasonably compensate T-Mobile for reasonable expenses incurred in furnishing such facilities or assistance.

4. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phone outside of daytime hours.

5. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until January 31, 2022 or further order of the Court.  These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation.  Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

6. Finally, for the reasons articulated above I also request that the Court issue an order pursuant to 18 U.S.C. § 2705(b) ordering T-Mobile not to notify any other person of the existence of the warrant until January 31, 2022, or such other non-disclosure order is issued by the Court.

*Noah Bookman*
Noah Bookman
Special Agent
Drug Enforcement Administration

SUBSCRIBED and SWORN to before me this 9th day of November, 2021. Time: 2:53 PM

Kimberly A. Jolson
United States Magistrate Judge

## ATTACHMENT A

### Property to Be Searched

This warrant applies to records and information associated with the cellular device assigned call number (323) 788-4275, International Mobile Subscriber Identity (IMSI) 310260018138732, and International Mobile Equipment Identity (IMEI) 990016791489980, with an unknown subscriber. (The "**Target Device**"), that is in custody or control of T-Mobile, a wireless telephone service provider headquartered in Bellevue, WA. This order shall cover and be applied to any cellular/wireless MSID, MDN, and ESN (or IMEI and IMSI if GSM) that the subscriber this phone covered by this order may change service to for the duration of this order.

**ATTACHMENT B**

**Particular Things to be Seized**

I.  **Information to be Disclosed by the Provider**

All information about the location of the **Target Device** described in Attachment A for a period of 45 days, during all times of day and night. "Information about the location of the **Target Device**" includes all available E– 911 Phase II data, GPS data, latitude – longitude data, and other precise location information, from the cellular telephone device in attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within possession, custody, or control of T-Mobile. T-Mobile is required to disclose the Location Information to the government. In addition, T-Mobile must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information un-obstructively and with a minimum of interference with T-Mobile' services, including by initiating the signal to determine the location of the **Target Device** on T-Mobile' network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate T-Mobile for reasonable expenses incurred and furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. See 18 U.S.C. § 3103(a)(b)(2).

II. **Information to be seized by the government.**

All information described above in Section I that constitutes evidence of violation of 21 U.S.C. §§ 841(a)(1) and 846 involving the CASTELLNOS' drug trafficking organization known or unknown.